```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X      For Online Publication Only
ROBERT JOHN CASSANDRO


                         Plaintiff,
                                                                      REVISED ORDER
           -against-                                                  15-CV-6255 (JMA)

WILLIAM PERILLO and MARTHA PERILLO

                         Defendants.
----------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Appellant Robert Cassandro, proceeding pro se, appeals the October 14, 2015 Judgment and Memorandum Decision of the bankruptcy court, which concluded that the debt appellant owed appellees was nondischargeable. After reviewing the parties' appellate briefs and the record below, this Court affirms the decision of the bankruptcy court. This Court assumes familiarity with the facts and underlying proceedings, which are referenced only as necessary to explain the Court's decision.

## I. STANDARD OR REVIEW

A bankruptcy court's conclusions of law are reviewed de novo. In re Ionosphere Clubs, Inc., 922 F.2d 984, 988 (2d Cir. 1990). A bankruptcy court's factual findings are reviewed for clear error. Id. Whether there is sufficient evidence to support a finding that a debt is nondischargeable is a question of law. In re Dubrowsky, 244 B.R. 560, 578 (E.D.N.Y. 2000). A district court will not disturb a bankruptcy court's finding that a debt is nondischargeable where that conclusion is "well supported" by the testimony at trial. Id.

Additionally, a pro se party's pleadings and briefs are liberally construed "to raise the strongest arguments they suggest." Hamlett v. Santander Consumer USA Inc., 931 F. Supp. 2d 451, 455 (E.D.N.Y. 2013) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)).

## II. ANALYSIS

Upon review, the Court concludes, for the reasons stated by the bankruptcy court in its thorough and well-reasoned decision, that appellant's debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

Section 523 of the Bankruptcy Code governs dischargeability of debts and provides:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). "A creditor seeking to establish nondischargeability under § 523(a) must do so by the preponderance of the evidence." Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006).

Appellant argues that appellees failed, as matter of law, to offer sufficient evidence that debt at issue was nondischargeable. This Court disagrees. There is sufficient evidence in the record from which the bankruptcy court could conclude that the debt in question was obtained by false pretenses, false representation, or actual fraud. False pretenses, false representation, and actual fraud are established by "a showing of intent to defraud, justifiable reliance, and causation of loss . . . ." In re Scialdone, 533 B.R. 53, 59 (Bankr. S.D.N.Y. 2015). With regard to fraudulent intent, the record contains ample evidence demonstrating that appellant borrowed far in excess of the amount he represented to be the value of the Yaphank property—the business venture for which the debt at issue was obtained. There was also evidence of: (1) the first priority mortgage appellant

2

promised, but failed to deliver to appellees; (2) the personal guarantee appellant promised, but failed to pay to appellees; and (3) appellant's criminal conviction for engaging in a scheme to defraud various investors, including the appellants. This evidence was more than sufficient to establish appellant's fraudulent intent. Additionally, there was sufficient evidence in the record—in particular, appellees' testimony—to support the bankruptcy court's finding that appellees had relied on appellant's representations, were justified in doing so, and that appellant's representations were the direct cause of appellees' loss.

Appellant also argues that the bankruptcy court's factual findings were clearly erroneous. Specifically, appellant challenges the bankruptcy court's findings that he: (1) made misrepresentations to appellees and (2) acted with fraudulent intent in doing so. The Court disagrees, as these findings were well supported by evidence at trial. Additionally, contrary to appellant's argument, the bankruptcy court's reliance on appellant's criminal conviction for engaging in a scheme to defraud was not erroneous. First, the Court notes that appellant failed to object to the admission of this evidence before the bankruptcy court and so, has failed to preserve this objection. (Trial Tr. 43:23, ECF No. 5.) Accordingly, this Court reviews for plain error. Notably, as the bankruptcy court made clear, appellant's conviction was only one factor, under the totality of the circumstances, supporting the finding that appellant had acted with fraudulent intent. In finding fraudulent intent, the bankruptcy court also relied on appellant's excess fundraising, the promise of a personal guarantee, and the promise of a first mortgage on the Yaphank property.

Given the conclusions above, this Court will not disturb the bankruptcy court's factual findings and decision to deny appellant discharge of his debt. See In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999) ("[W]e review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous . . . ."); Dubrowsky, 244 B.R. at 578 ("Hearing the

3

testimony and viewing the witnesses, [the bankruptcy court judge] was clearly in the best position to make [the dischargeability] decision and this Court will not interfere with [his] factual conclusions as they are well supported by the testimony at the trial.").

This Court has also considered appellant's remaining arguments and finds them to be without merit.

### III.  CONCLUSION

For the reasons stated above, this Court AFFIRMS the October 14, 2015 Judgment of the bankruptcy court. The Clerk of Court is directed to close this case and to mail a copy of this Order to the pro se appellant.

**SO ORDERED**.

Date: February 22, 2017
Central Islip, New York

      /s/ (JMA)
Joan M. Azrack
United States District Judge